UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11422-RGS

FARAH ISHAQ

v.

WACHOVIA MORTGAGE, FSB

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

April 2, 2010

STEARNS, D.J.

Pro se plaintiff Farah Ishaq brought this Complaint against Wachovia Mortgage, FSB (Wachovia), seeking to forestall an eviction.[1] The dispute involves a lapsed mortgage and resulting foreclosure on a home in Plymouth, Massachusetts.[2] On October 5, 2009, Wachovia moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

BACKGROUND

The facts viewed in the light most favorable to Ishaq as the non-moving party are as follows. Ishaq purchased the home at 70 Garrett Place in Plymouth on December 2, 2002. The purchase was financed by a mortgage granted to World Savings Bank (WSB). The mortgage was subsequently assigned by WSB to Wachovia. After her husband lost his job, Ishaq fell behind in her mortgage payments. The Ishaqs "immediately" sought to

---

[1]Ishaq's original counsel withdrew shortly after the suit was filed. Ishaq has been unable to retain substitute counsel despite multiple extensions of time granted by the court for that purpose.

[2]The Complaint alleges violation of a Massachusetts debt collection regulation, 209 CMR 18.16(15) (Count I); violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A (Count II); common-law negligence (Count III); and relief from judgment, Fed. R. Civ. P. 60(b) (Count IV).

negotiate a refinancing with Wachovia. After Ishaq's husband was added as an obligor on a new mortgage application, a "conditional loan" was approved by Wachovia on August 20, 2008. However, Ishaq learned that the officials with whom she was dealing at Wachovia lacked the authority to address foreclosure issues. This was essential, as earlier, on October 19, 2007, WSB had begun foreclosure proceedings against the home in the Land Court. During the refinancing discussions, Ishaq received documents from Wachovia informing her of the Land Court action. According to Ishaq, she was told by her interlocutors at Wachovia to "disregard" the foreclosure notices. Compl. ¶ 12. When Ishaq failed to appear, the Land Court, on March 24, 2008, entered a default judgment. On October 29, 2008, Ishaq's husband was told by Wachovia that refinancing was now impossible because of the default judgment. That same day, Wachovia conducted a foreclosure sale and took title to the home.

Following the sale, Ishaq states that Wachovia representatives counseled her to "allow" the home "to go into foreclosure" so that she and her husband could "repurchase the property . . . through an assigned broker."[3] Id. ¶ 15. Notwithstanding this advice, on April 20, 2009, Wachovia initiated a summary process (eviction) action against Ishaq in the Housing Court. The eviction was stayed by a consent judgment entered on May 12, 2009. The judgment allowed Ishaq to remain in the home for two additional months rent-free in exchange for her vacating the premises by July 15, 2009. Ishaq claims that she only consented to the judgment so that "the house [could] go into foreclosure." Id. ¶ 16.

When Ishaq did not vacate the home on the agreed date, Wachovia, on August 3,

---

[3]This sequence reflects the order of events as they are pled in the Complaint.

2009, obtained an execution from the Housing Court. This action was filed in the Plymouth Superior Court on August 7, 2009. A preliminary injunction barring Ishaq's eviction was entered by the Housing Court on August 17, 2009. The case was removed to this court by Wachovia on August 26, 2009.

## DISCUSSION

To survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007), disavowing Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal quotation marks and citations omitted). See also Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007). Dismissal for failure to state a claim will be appropriate if the pleadings fail to set forth "'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997), quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). In ruling on a motion to dismiss, the court may look to matters of public record such as documents from prior state court adjudications. Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000).

### Res Judicata - Counts I - IV

Wachovia argues that all of Ishaq's claims are barred under the doctrines of res judicata and collateral estoppel because of the prior state court judgments. A federal court looks to state law in deciding the res judicata (or claim preclusive) effect of a state court

judgment.  See Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481-482 (1982); Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000).  Under Massachusetts law, "[t]hree elements are essential for invocation of claim preclusion:  (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits."  DaLuz v. Dep't of Corr., 434 Mass. 40, 45 (2001).

> The principle of collateral estoppel, or issue preclusion, bars relitigation of any factual or legal issue that was *actually* decided in previous litigation between the parties, whether on the same or a different claim.  Where there is an identity of the parties in subsequent actions, a party must establish four essential elements for a successful application of issue preclusion to the later action: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; and (4) the determination of the issue must have been essential to the judgment.  An issue may be actually decided even if not if it is not *explicitly* decided, for it may have constituted, logically or practically, a necessary component of the decision reached in the prior litigation.

Grella v. Salem Five Cent Savings Bank, 42 F.3d 26, 30-31 (1st Cir. 1994) (emphases in original) (internal quotation marks and citations omitted).  Ishaq does not contest that the elements of res judicata and collateral estoppel are satisfied; she argues instead that the prior judgments are nullities because of Wachovia's inequitable conduct.

As an initial matter, there appears to be some confusion in the Complaint as to which of the court orders Ishaq is seeking to attack.  Ishaq claims that she is "entitled to bring this action to request that the Court vacate and set aside the Final Judgment of Foreclosure which was unfairly and wrongfully procured."  Compl. ¶ 45.  As Wachovia points out, there are two orders: the March 24, 2008 foreclosure judgment and the May 12, 2009 consent judgment of eviction.

There is no allegation in the Complaint that Wachovia failed to comply with any

statutory or procedural requirement in connection with the March 24, 2008 foreclosure judgment. Nor is there any indication that Ishaq attempted to take an appeal after the judgment entered. To the extent that Ishaq alleges that she ignored the numerous foreclosure notices sent by Wachovia because of errant advice from officials at the bank, the court finds this assertion implausibly pled under the heightened pleading requirement of Twombly. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (the Rule 12(b)(6) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

The same is true of the May 12, 2009 consent judgment entered in the summary process action. "The doctrine of claim preclusion applies to summary process actions." Commonwealth Dev., LLC v. HNW Digital, Inc., 2008 WL 2167867, at *2 (Mass. App. Ct. May 27, 2008). "A consent judgment . . . conclusively determines the rights of the parties as to all matters within its scope." Kelton Corp. v. County of Worcester, 426 Mass. 355, 359 (1997), citing Thibbitts v. Crowley, 405 Mass. 222, 227 (1989) (the burden on a party to modify a consent judgment entered against it is more formidable than had the party litigated and lost); Fishman v. Alberts, 321 Mass. 280, 281 (1947) ("The great weight of authority supports the principle that [a consent judgment] is as binding and conclusive upon the parties as if it had been entered after a trial and a determination of all the issues."); Levy v. Crawford, 33 Mass. App. Ct. 932, 933 (1992) ("As a general proposition, an agreement for judgment serves as a waiver of all matters within the scope of that judgment.").

> Altering the material terms of such an agreement at the behest of one party, without the consent of the other, does violence to the second party's expectations and to the very concept of judgment by consent. . . . "A court is

>powerless to enlarge or contract the dimensions of a true consent decree except upon (i) the parties' further agreement or (ii) litigation of newly-emergent issues."

Thibbitts, 405 Mass. at 227, quoting Pearson v. Fair, 808 F.2d 163, 166 (1st Cir. 1986).

As Wachovia does not agree to alter the terms of the judgment, the only route open to Ishaq is to show an emergent new issue that undermines the fundamental premises which led the parties to agree to the entry of judgment. None, however, exists. The only development pled subsequent to the entry of the May 12, 2009 consent judgment is the explanation that Ishaq was unable to obtain financing to repurchase the home.

To the extent that Ishaq alleges that the May 12, 2009 judgment was induced by fraud or mistake, the factual basis for this claim as pled is also implausible. Ishaq argues that the fraud or mistake began when Wachovia instructed her to "disregard" the foreclosure notices and documents received from the bank. Id. ¶ 12. She asserts that she relied on these instructions thinking them a condition of obtaining a new mortgage and that she "allowed the house to go into foreclosure" so that she and her husband could "repurchase the property." Id. ¶¶ 15-16. Ishaq links the consent judgment to her expectations in this regard, stating that she "even sign[ed] an Agreement for Judgment." Id. ¶ 16.

Whatever morsel of substance might be gleaned from these allegations is contradicted by inconsistencies between the sequence of events alleged in the Complaint and the dates of the documented court proceedings. The Complaint states that Ishaq was defaulted in "the later part of 2008" after her husband lost his job. Id. ¶¶ 8-9. The foreclosure proceedings, however, began a year earlier on October 19, 2007. Although Ishaq claims that she and her husband "immediately began working with Defendant

Wachovia to address the issue" in late 2008, the foreclosure judgment entered on March 24, 2008.  Id. ¶ 10.  Ishaq relies heavily on a *conditional* loan approval for refinancing that she and her husband received on August 20, 2008, from a division of Wachovia, but acknowledges that "neither Defendant nor any other bank or financial institution would finance a loan for a foreclosed house which was still occupied by the former owners." Id. ¶ 18.  The most generous reading possible of the allegations of the Complaint provides no basis for revisiting the terms of the consent judgment.

<u>No Private Right of Action - Count I</u>

Apart from preclusion, Count I is separately barred by the absence of a private right of action under 209 CMR 18.16(15).[4]  "Massachusetts courts are 'reluctant to infer a private cause of action from a statute in the absence of some indication from the Legislature supporting such an inference.' . . . Without an enabling statute to support it, a private cause of action cannot be inferred solely from an agency regulation." <u>Battista v. Dennehy</u>, 2006 WL 1581528, at *6 (D. Mass. Mar. 22, 2006), quoting <u>Loffredo v. Ctr. for Addictive Behaviors</u>, 426 Mass. 541, 544 (1998).  The debt collection regulation at issue was promulgated by the Commissioner of Banks pursuant to the authority granted her by Mass. Gen. Laws ch. 93, § 24A.  The statute contains no hint that a private cause of action was created or intended.

<u>Failure to Serve 93A Demand Letter - Count II</u>

---

[4]"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of 209 CMR 18.16: . . . The false representation or implication that documents are not legal process forms or do not require action by the consumer." 209 CMR 18.16(15).

Wachovia also argues that Ishaq's Consumer Protection Act claim is precluded because of her failure to serve a demand letter. Chapter 93A, § 9(3), requires that "[a]t least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent."

"The statutory notice requirement is not merely a procedural nicety, but, rather, 'a prerequisite to suit.'" Rodi v. S. New Engl. Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004), quoting Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 812 (1975). Ishaq concedes that she has not satisfied this requirement, but argues that "[t]he pre-suit notice provisions of G.L. 93(A)(9)(3) were not available, as action in this matter was required to be timely to preserve Plaintiff's right of possession." Compl. ¶ 31. However, as Wachovia points out, Ishaq was made aware that she faced eviction at least as early as October 29, 2008, when after the foreclosure sale she was informed that refinancing would not be forthcoming. This action followed some ten months later. Ishaq had ample time during the interval to comply with the demand letter requirement.

## ORDER

For all of the foregoing reasons, Wachovia's motion to dismiss is ALLOWED. The Clerk will enter judgment for Wachovia and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE